**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| CARL LEE DEAN,<br><br>Plaintiff,<br><br>v.<br><br>INDEPENDENT SCHOOL DISTRICT NO. 89,<br><br>Defendant. | ) | Case No. CIV-26-3176-SLP |

**<u>O R D E R</u>**

Plaintiff, appearing pro se, has filed a Complaint [Doc. No. 1] against a single Defendant. The Complaint's allegations are sparse. Plaintiff identifies no federal statutory basis for his claims. He makes a vague allegation that "I was notified by the Independent School District 89 that I failed my health assessment to lift over 75lbs and could no longer work in the capacity of transportation. However at that time I indicated that I need a hip replacement and would like to be reevaluated once the surgery is complete. At that time I had two options, 1. Get fired, 2. Retire." Compl. [Doc. No. 1] at 5. Plaintiff also alleges that he "was discriminated against" on the basis of age as there were several employees younger than him. Plaintiff alleges that he suffered severe emotional distress as a result. *Id*. at 5.

A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). While "a pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers, . . . the court

cannot take on the responsibility of serving as the litigant's attorney in constructing arguments." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quotation marks and citation omitted).

The only possible basis for the Court's exercise of subject matter jurisdiction is pursuant to 28 U.S.C. § 1331 based on Plaintiff's references to age and disability discrimination. However, Plaintiff has not identified what federal law he is bringing his claim(s) under. Moreover, the factual allegations are too threadbare to decipher the basis for any claim premised on such issues. Thus, the Complaint is subject to dismissal on jurisdictional grounds.

The Court has also considered whether the Complaint should be dismissed for failure to comply with Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a) requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a). Rule 8 "does not require detailed factual allegations, . . . [but] it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). Pro se litigants are not excused from meeting these minimal pleading requirements. "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "If a complaint fails to meet these basic pleading requirements, a district court may dismiss the action sua sponte for failure to

comply with Rule 8." *Rodriguez v. Nationwide Homes, Inc.*, 756 F. App'x 782, 785 (10th Cir. 2018) (citing *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161, n. 2 (10th Cir. 2007)). Here, Plaintiff fails to identify with any clarity the factual or legal bases for his claim(s). Accordingly, the Complaint is alternatively subject to dismissal for failure to comply with the requirements of Rule 8.

IT IS THEREFORE ORDERED that the Complaint [Doc. No. 1] is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Plaintiff may file an amended complaint within 21 days of the date of this Order, or by Tuesday, December 1, 2026. If no amendment is timely filed, this action will be dismissed for the reasons articulated above.

IT IS SO ORDERED this 10th day of November, 2026.

**SCOTT L. PALK**
**CHIEF UNITED STATES DISTRICT JUDGE**